IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TERRY LEE GREENBERG,

    Petitioner,

vs.

CIVIL ACTION NO.: CV212-197

SUZANNE R. HASTINGS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Terry Lee Greenberg ("Greenberg"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia ("FSL Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Greenberg filed a Traverse. For the reasons which follow, Respondent's Motion should be **GRANTED**, and Greenberg's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Following a jury trial in the Southern District of Florida, Greenberg was convicted of possession with intent to distribute marijuana, in violation of 46 U.S.C. §§ 1903(a) and (g) and 18 U.S.C. § 2, and of conspiracy to distribute marijuana, in violation of 46 U.S.C. §§ 1903(j) and (g). United States v. Mendoza-Cecelia, 963 F.2d 1467, 1470 (11th Cir. 1992). Greenberg was sentenced to two concurrent sentences of 365

AO 72A
(Rev. 8/82)

months' imprisonment. Id. at 1471. Greenberg appealed his convictions and sentence, and the Court of Appeals for the Eleventh Circuit affirmed. Id. at 1470.

Greenberg has filed four unsuccessful motions in the Southern District of Florida challenging his convictions and sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 10, p. 2). Greenberg also filed, in the Middle District of Florida, an unsuccessful § 2241 petition challenging the legality of his sentence. (Id.).

In November 2012, Greenberg filed an "Affidavit of Lack of Attorney-Client Relationship" and an "Affidavit of Terry Lee Greenberg" in his criminal case. (Doc. No. 10-1, p. 6). In those documents, Greenberg asserted many of the arguments made in support of the instant petition. (Doc. Nos. 10-2, 10-3). When the government did not respond, he filed an "Affidavit of Non-Response." (Doc. No. 10-1, p. 6). In that document, Greenberg asserted that the government's failure to respond rendered all of his various allegations uncontestable. (Doc. No. 10-4).

In the instant petition, Greenberg seeks relief under § 2241 based on alleged deficiencies surrounding his criminal convictions and sentence. Greenberg asserts the following deficiencies surrounding his criminal convictions and sentence: (1) lack of jurisdiction, (2) lack of attorney-client relationship, (3) lack of due process, (4) lack of valid conviction, (5) lack of valid sentence, and (6) lack of access to the court. (Doc. No. 1, p. 3). Greenberg also asserts that he is actually innocent of the underlying offense, that exculpatory evidence was "hidden and hindered," that defense counsel was paid by parties with adverse interests to Greenberg, and that the government and defense counsel "hid and hindered" due process concerns from him. (Doc. No. 1, p. 7). Greenberg contends that all alleged deficiencies are "undisputed" based upon the

AO 72A
(Rev. 8/82)

affidavits he filed in his criminal case to which the government did not respond. (Doc. No. 1, pp. 6–7). Greenberg seeks immediate, or at least earlier, release from confinement. (Doc. No. 1, p. 6). Respondent contends that Greenberg's claims should be dismissed because they are not appropriate claims to be brought under § 2241.

## DISCUSSION AND CITATION OF AUTHORITY

Generally, a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to § 2255 is the proper method to be used by a prisoner seeking to collaterally attack his conviction or sentence. Darby v. Hawk-Sawyer, 405 F.3d 942, 944–45 (11th Cir. 2005) (citation omitted); 28 U.S.C. § 2255(a). After filing an unsuccessful § 2255 motion, a prisoner may file successive § 2255 motions only with permission from the appropriate court of appeals and only in the narrow circumstances prescribed by § 2255(h). A prisoner may not file a § 2241 habeas petition in an attempt to circumvent the ban on successive § 2255 motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

However, when a motion filed under § 2255 would be "inadequate or ineffective to test the legality of his detention," a prisoner may file a habeas petition under § 2241. 28 U.S.C. § 2255(e). A motion under § 2255 is "inadequate or ineffective" as to a prisoner's claim, thus triggering the availability of § 2241, "when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford, 177 F.3d at 1244. The petitioner has the burden of producing evidence showing the inadequacy

3

or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (citation omitted).

Greenberg's arguments in support of the instant petition are all clearly attacks on his underlying convictions and sentence. Therefore, his claims fall within the ambit of § 2255. In order to file a § 2241 petition, Greenberg's claims must fall within the savings clause of § 2255(e). Greenberg is not entitled to § 2241 relief. He fails to identify a new, retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense or that he was foreclosed from raising these claims in his previously-filed motions. Without meeting the Wofford test, Greenberg's claims do not fall within the savings clause of § 2255; therefore, he cannot bring them under § 2241.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED** and Greenberg's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of January, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4